STATE on the relation of J. N. WHITFORD and wife *v.* WILLIAM FOY and others.

(There are two other suits on the same guardian bond as that in the above case. *State ex rel., Hardy Whitford* and wife v. *Foy* and another, and *State ex rel. J. N. Whitford,* Adm'r. &c. v. *Foy* and another. The facts and the points raised are the same in all of them )

A party excepting to the report of a Commissioner, to whom it was referred to take an account, must designate particularly the charge or credit excepted to, and refer the Court distinctly and clearly to the ground of his exception. Exceptions, unaccompanied by such statement of facts will be overruled; as this Court will not, nor will any Court of appeal, examine every item in the account, and the evidence bearing on it, upon a general allegation of error.

A guardian may, without special reason to the contrary, discharge himself by delivering over to the ward upon a settlement, the notes he has taken as guardian.

This Court will not review the finding of a referee as to the commissions allowed a guardian, unless such commissions are shown to be grossly errorneous.

This is the same case as was before the Court at January Term, 1871, (see 65 N. C. Rep. 265,) in the statement of which by Justice RODMAN, the whole facts are fully set out.

At the last Term it was re-referred to the Clerk of this Court to modify and correct his report, which was done, when both parties excepted. The exceptions are stated in the opinion of the Court.

*Smith & Strong,* for the plaintiff.
*Haughton* and *Battle & Son,* for defendant.

RODMAN, J. When the case was before us at January Term, 1871, (65 N. C. Rep. 265,) we considered and decided on all the exceptions to the report of the commissioners then made. It was reasonably supposed that in the matters not excepted to, the report was correct and satisfactory, and that by correcting the errors pointed out it would present a true result of the

defendant's dealings as guardian. The order of the Court was made upon that idea and directed its Clerk to reform the account by rectifying the particular errors. If this order failed to meet the merits of the case, if the original report was so radically wrong that when reformed as directed, it would not legally and fairly exhibit the relative rights of the parties, it was open to either party to move to change the form of the order and to have an account taken *de novo* upon the testimony previously taken, and such other as the parties might bring forward. The Court would have heard any application of this sort favorably, as tending to the ascertainment of the truth, but none such was made. The Clerk now reports that he has reformed the former report in the matters in which it was held to be erroneus. His report is presumed to be correct, and a party excepting must show the error specifically.

Without reference to any limitations which are imposed on this Court as to trying questions of fact, it cannot be expected that any Court of appeal, upon a general allegation of error, will examine every item in an account and the evidence bearing on it. The party excepting must designate particularly the charge or credit excepted to and refer the Court distinctly and clearly to the grounds of his exception. Both parties in this case have filed exceptions. Of all of them it may be said that they are so wanting in particularity of statement and reference as to be unintelligible without an examination of both the reports and of all the testimony. It cannot be said whether they raise questions of fact or of law, and if of law, they are not accompanied by any such statements of the facts found as would enable the Court to pass on them. It is hardly necessary to say that we have not made the examination which seems to have been expected of us; it would be impossible for the Court to do it, and it is neither the duty or the right of any member to do it.

Plaintiffs' exceptions, in substance :

1. That plaintiff is required to receive payment of part of his demand in notes and judgments in the hands of defendant.

It cannot be doubted that a guardian may discharge himself by delivering over to the ward upon a settlement, the notes which he has taken as guardian, provided there be no special reason to the contrary. Here no reason whatever is alleged against the applicability of the general rule. It is not even specified in particular what notes the plaintiff objects to receiving. Nothing is stated from which it may be seen that the report is erroneous, and the exception is accordingly overruled.

2. That it is found that plaintiff is entitled in cash to $2,304.27, when by the former report he was found entitled to $2,500.

The same observation may be made as was made to the former exception. No statement of facts is made from which the matter excepted to can be inquired into. No reason is assigned except that the present report differs from the former one, which it may do, without being necessarily erroneous. This exception is overruled.

3. That the amount due plaintiff should be increased by $525.17 which defendant should have collected on the Hill notes.

There is no statement of the facts relating to these notes from which the Court can judge of the merits of the exception. No part of the report is referred to in which such a statement is contained. No error is shown, and the exception is therefore overruled.

Defendants' exceptions, in substance :

1. That defendant is found by the first report to have on hand notes, &c., to a large amount, but in the present report he is only credited with a small part of them, and that the residue of the notes is not disposed of in any manner.

If the defendant means to put in issue his right to pay his ward in any particular note instead of in cash, he ought to have presented such a definite and particular statement of facts as would have enabled the Court to pass intelligently on the question. Though the two reports be as stated, the last is not necessarily erroneous.

34

If a guardian has received for his ward an amount of notes which have become worthless without his fault, they belong to his ward. If he also received money, that money subject to the proper credits for disbursements, &c., also belongs to the ward.

Perhaps the guardian has on hand notes payable to him as guardian for a larger amount than his indebtedness to the ward. That state of things can arise only in two ways that occur to us at present. He has either loaned out money or sold property of his own, and taken notes payable to himself as guardian. Or it may be, that he has paid debts for his ward out of his own money. It was said when the case was here before, that in such a case as the last supposed, questions of difficulty would be presented, and the attention of counsel was invited to their consideration in case they should arise. It might have been expected that if it was desired to present any such questions, the facts would have been plainly and exactly stated, so that the equities between the parties might be made to appear. But there is no such statement, and we are unable to see what is the question intended to be presented. No error is shown, and the exception is overruled.

2. That defendant is required to pay a certain sum in cash, although he has notes to a larger amount than his indebtedness. This is not necessarily erroneous, and there is no statement of facts from which error, if it exists, may be seen. If the guardian has received money, he ought to pay it, unless he shows some valid reason for retaining it. He states no facts furnishing any reason. No error is shown, and the exception is overruled.

3 and 4. Relate to the amount of commissions. This Court will not review the finding of a referee on that matter, unless shown to be grossly erroneous. In the present case they are not shown to be insufficient. Exception overruled.

PER CURIAM. Report confirmed. A judgment may be drawn accordingly. Neither party will recover costs in this Court.