C. J. & A. GREEN v. CASTLEBERRY.

*Practice in Supreme Court--Exceptions--Action for Partnership Account.*

1. In cases on appeal to this Court, wherein the findings of fact in the Court below are subject to review, the errors must be *specially* assigned, or the exceptions will not be considered; and the evidence bearing upon the question and showing the error below must be singled out and referred to, either in the exceptions or in the brief of counsel; otherwise the ruling below will be affirmed as of course.

2. In an action for an account of a partnership, where the Referee failed to find : (1) by whom the same was dissolved; (2) that the defendant refused to account; (3) who was managing partner; (4) facts admitted by the pleadings; (5) as to the costs ; *Held,* to be immaterial.

CIVIL ACTION for an Account of a Partnership, heard upon exceptions to a report of a Referee at Spring Term, 1876, of ORANGE Superior Court, before *Seymour, J.*

The case was referred to Thomas Ruffin, Esq., and upon the return of his report, the plaintiff filed the following exceptions :

"1. That he has not found the issues raised by the pleadings, both of law and fact.

2. That his finding the fact that the parties dissolved the

partnership is contrary to the evidence, which was that the plaintiff dissolved the partnership.

3. That he should have found that Castleberry refused to account to plaintiffs for the stock, profits, &c.

4. The complaint alleges that the defendant was the sole managing partner, but the Referee has not found this fact nor decided the law arising thereon, although the answer admits it.

5. The complaint alleges that the defendant fraudulently wasted and now holds the assets of the partnership, and this is admitted by the answer, but the Referee does not find the fact nor the law arising thereon.

6. The plaintiffs are entitled to an account of the stock, profits, &c., made or which could have been made, and the Referee has stated no such account.

7. That according to the evidence the defendant was fixed with partnership assets in October, 1872, instead of January, 1873, as found by the Referee. (This exception contains a detailed statement of sundry sums amounting to $950.27, which went into the defendant's possession and which was alleged to have been sufficient to pay all claims on account of building a store house and kitchen, and says the defendant should not have been allowed credit for advancements for building, &c.)

8. That the Referee should have found the value of the kitchen to be $100 and the store house $500, and should have allowed the defendant $100 on the kitchen, *minus* the payment of the plaintiffs, and should have allowed the defendant nothing on the store house, as there were firm assets in his hands sufficient to pay the amount after deducting the advancements made by the plaintiffs.

9. That he has not allowed the judgment of the Supreme Court in this case against the defendant for $27 as a set off.

10. That he has not charged the defendant with anything

.as received from the firm, whereas he should have charged him with $72.

11. That he should have charged the defendant with profits at 100 per cent upon the stock of goods.

12. That in paragraph 8, of the report, he should have found in favor of C. J. Green as to the $150.

13. That paragraph 10 of said report is not in accordance with the facts as supported by the evidence and the law arising thereon.

14. That paragraphs 11, 12, 13 of said report is not such an account as the law requires to be stated from the facts and evidence.

15. That paragraph 15 of said report is excepted to upon the same ground as stated in the foregoing exception.

16. There is no evidence to support the finding in paragraph 16 of said report.

17. The decisions of the Referee are not in accordance with the law and facts, and are excepted to on the ground as stated in this bill of exceptions.

18. The plaintiff excepts to schedule A, item C, as not being in accordance with the evidence and law.

19. The plaintiff excepts to all the items in schedule B except James Barbee's barrel of brandy, $93. The defendant should have been allowed but $70 and one-third purchase money of lot, being $56.33⅓, and $32 paid Page and Andrews' bill of lumber twice, and should not be allowed.

20. That he has not found the facts nor decided the law arising thereon relative to the defendant's purchase of the Lewis Pratt lot, and carrying partnership funds into "First and Last Chance."

21. That he should have charged defendant with profits at 100 per cent, but charged him with none.

22. No. 35 in schedule C, $50 for retail license in Durham for 12 months from Feb. 3d, 1873. The defendant should account for the license as it was used by him personally in

"First and Last Chance" for the remainder of the year after the dissolution of the partnership.

23. That $187.96 was paid by the Receiver on the Bevan bill of goods and no notice is taken thereof by the Receiver in his account.

24. That plaintiffs are entitled to judgment for the costs of this suit against the defendant."

See same case, 70 N. C. 20.

His Honor overruled all the exceptions except No. 20, and ordered that defendant be charged with $40 on account of said retail license for the time he used it. The Referee was directed to proceed to collect the debts due the firm from the Receiver and settle the affairs of the partnership. From which ruling the plaintiffs appealed.

*Mr. R. W. York,* for plaintiffs.
*Mr. Walter Clark,* for defendant.

RODMAN, J. This action is for an account of a partnership in a drinking saloon, called the "Side Pocket," in the village of Durham. The partnership lasted from September, 1872, to about April, 1873. The principal expenditures seem to have consisted in buying a lot and building a house. For these purposes and for obtaining goods from time to time the several partners advanced different sums. No regular accounts were kept and no means exist for stating an account except memoranda occasionally kept on loose pieces of paper, and the recollections of the partners and others which naturally differ considerably. It was referred to a respectable member of the bar to take an account of the partnership dealings, which he did and made a report to which the plaintiffs filed twenty-four exceptions. The evidence fills thirty-nine pages of manuscript closely written, and the report of the Referee, with the schedules, nine pages. The Judge, after a deliberate examination, overruled all the exceptions

but one, amounting to $40, with which he thought the defendant ought to be charged, because he continued to use the retail license of the firm after the dissolution, in an individual enterprise in a saloon called "The First and Last Chance."

It is our duty to consider the exceptions when they are in such definite and intelligible form as is required by the practice of the Court, and we have done so; but it certainly cannot be our duty to go into any detailed examination of them. Many of them are evidently frivolous, and it would be a sheer waste of time upon them to do more than say so. Some of them, for example, the 7th and 8th, are obscure; and they seem to be because the Referee drew wrong inferences of fact from the evidence, but they do not refer to the particular evidence which required contrary inferences, and apparently expect us to master the whole evidence to determine whether after the store-house was partially completed, the defendant received, or might and ought to have received, profits enough to pay for the completion, or in effect to state the whole account over again. As to exceptions in such shape as these it may perhaps be proper, though it ought not to be necessary, to state the rule which this Court will apply. It is not a new rule that we propose to establish, or one peculiar to this Court. It is a rule acted on by every Court which reviews findings of fact on final appeal, and is intended to prevent the time of the Court which belongs to all its suitors from being occupied in the tedious re-examination of minute facts for which it is not adapted. It is within the jurisdiction and therefore it is the duty of this Court in a certain class of cases to review on appeal the findings of the Superior Courts in matters of fact. But it does this as a Court of appeal and not as a Court of original jurisdiction. The Court presumes the finding of the Judge of the Superior Court to be right until it is shown to be wrong, and therefore the error must be *specially* assigned or

the exception will not be considered, and the evidence bear-- ing upon the question and showing the error of the Judge must be singled out and referred to, either in the exception itself or in a brief of counsel filed in the case. This I re- member was said in *Whitford* v. *Foy*, when it was before this Court for the third time, but I do not find it in the case reported.

We proceed now to consider the several exceptions:

1. The Referee has found on all the material issues.

2. It is quite immaterial who dissolved the partnership.

3. The Referee did find that there had been no settlement. of accounts and nothing more was material.

4. This was immaterial except as matter of evidence.

5. It is not necessary that a Referee shall find what is ad- mitted by the pleadings, and it is not seen how the fact is material in this case.

6. The Referee has stated an account. This exception is too general.

7, 8. These have been already considered. No evidence is referred to in support of them. They are unintelligible without a study of the whole evidence.

9 to 21, inclusive, and 23 are open to the same objection.

22. Was allowed by the Judge.

24. Is not the fit subject of an exception as the costs form no part of a Referee's report.

Judgment below affirmed. The defendant will recover costs in this Court.

PER CURIAM.                              Judgment affirmed.