ANN E. GREEN and others v. WILEY D. JONES and others.

*Trustee--Attorney's Fee--Commissions--Practice--Referee's Report.*

1. The defendant J purchased certain lands of G (sold under a deed of trust) at the request of G for the benefit of his daughters, with money borrowod with G's knowledge at one-and-a-half per cent., interest monthly ; afterwards a contract was entered into in which J agreed to resell the land and that if on such sale he should realize any profit after paying the purchase money, costs and charges, &c. he would hold the same for the use and benefit of the said children of G ; J thereafter sold the lands and realized more than sufficient to reimburse himself ; for services in relation to the purchase, sale, &c., J paid an attorney $500 ; in an action for an account and settle﹩ ment brought by the daughters of G, *It was held,*

   (1) That the sum of $500 was excessive and J was entitled to credit for only $200.

   (2) That under the contract he was not entitled to commissions.

   (3) That he was entitled to credit for the amount paid as interest at one-and-a-half per cent from the time the money was borrowed to the sale of the lands by him.

   (4) That he was not entitled to credit for money paid to G for articles furnished by G to his daughters while living with him.

2. If there is *no* evidence to support the findings of fact reported by a Referee, they will not be sustained ; they are presumed to be right unless *shown to be wrong.*

   ( *Green v. Castleberry,* 77 N. C. 164, ciied and approved.)

CIVIL ACTION, tried at January Special Term, 1878, of WAKE Superior Court, before *McKoy, J.*

This was an action by the plaintiffs against the defend-ants for an account and settlement of a trust fund, heard upon exceptions to the Referee's report, which stated among other things that defendant Jones on October 30th, 1869, bought certain lands (at a sale by a trustee) the prop-erty of W. A. Green, the father of plaintiffs, at the request of Green and for the benefit of plaintiffs, with money ($2200) which he borrowed from the State National Bank

of Raleigh (at the request and to the knowledge of Green, at the rate of 1½ per cent. per month which interest Jones paid to the Bank), and with other moneys borrowed of other persons; that on the 1st of April, 1870, a contract was entered into between Green and Jones, in which Jones agreed to cut up and resell said lands and "that if on sale of the same he shall realize any profit after paying the purchase money, costs, and charges, he may have been, or hereafter may be at by reason of such purchase, he will hold the same for the use and benefit of the said children of W. A. Green," and said Jones in October following realized enough from the sale of said land to fully re-imburse himself; and the Referee allowed the defendant Jones, five per cent. commissions on the amount of the purchase money, and credit for $200 as a fee paid to T. B. Venable, Esq., for professional services rendered concerning the purchase and sale of the lands and preparing deeds, &c; that defendant kept no account of disbursements except his own charges, and was frequently called on by the plaintiffs to render a statement of his account of the fund; that in 1872, the defendant invested $2000 of the fund in the purchase of a house and lot in Raleigh for the benefit of plaintiffs, and took the deed therefor in their names; that Venable collected $100 rent due Green before the first sale of the land and paid the same to Green at the request of Jones; that sundry articles were furnished to Green on his individual account, (which were allowed as a credit to defendant,) and also necessaries to the plaintiff Sally Green in the year 1858, while living with Green as a member of his family and supported by him; that Jones received the moneys belonging to said fund, and that he is due the plaintiffs the sum of $1789,28 with interest on $1688 from January 7th, 1878.

*Plaintiffs' Exceptions:*

1. That the amount of $200 allowed T. B. Venable is excessive.

2. That the amount allowed defendant as commissions is excessive and also contrary to his agreement to charge only his expenses.

3. That the allowance of the cash items in the account is not warranted by the weight of the evidence.

*D. fendants' Exceptions :*

1. That Referee finds as a conclusion of law that defendant is only entitled to credit for one installment of interest at 1½ per cent. per month on $2200, whereas upon the facts he is entitled to credit at said rate on said amount from the time it was borrowed to the time the defendant was re-imbursed by a re-sale of the land.

2. That defendant is not allowed credit for full amount ($500) paid T. B. Venable for professional services.

3. That defendant is not allowed credit for $124 paid to W. A. Green for support of family while plaintiffs lived with him.

Exceptions overruled, and judgment according to report of Referee, fiom which both parties appealed.

*Messrs. A. M. Lewis* and *Gray & Stamps*, for plaintiffs.
*Messrs. Battle & Mordecai*, for defendants.

RODMAN, J. We will consider the exceptions to the report of the Referee *seriatim,* and first those of the plaintiffs :

1. That the sum allowed to the defendant as a fee to his attorney, Mr. Venable, is excessive.

The sum allowed is $200, and it appears that the attorney claimed, and the defendant paid, a much larger sum. With out going into any discussion of the question, which would be an useless labor, we are of opinion that the allowance was not excessive. This exception is over-ruled.

2. That the allowance of commissions to defendant is illegal, and if any be allowed, five per cent. is excessive. The

legality of it depends on the construction of the agreement of defendant of the 1st day of April, 1870. In that paper (A) he agrees that "if on a sale of said lands, he shall realize any profit after paying all the purchase money, costs and charges, he may have been or hereafter may be at by reason of such purchase, he will hold the same for the use and benefit" of the plaintiffs.

We are of opinion that these words exclude the defendant from any claim to commissions or other compensation for his services. They cannot come under the head of *charges* that he had been, or might thereafter be at. Such words clearly included only expenses paid out by him in attending to the business. This exception is sustained.

3 The Referee credited defendant with $——— paid to plaintiffs from about ——— to the beginning of this action. This exception is, that a large part of this credit is unsupported by the evidence. C. C. P. § 246, says; "When the reference is to report the facts, the report shall have the effect of a special verdict."

Of course if there was no evidence of the payment which the Referee allows as a credit, the exception would be sustained. And I think (although I do not know that my associates concur with me on this point) that if the evidence appeared clearly insufficient to support the findings of the Referee on the matter of fact, we might disregard his findings, at least so far as to send it back for a new trial. But as was said in *Green* v. *Castleberry*, 77 N. C. 164, this Court reviews decisions of fact by a Referee or by a Judge below as a Court of appeal, and not as a Court of original jurisdiction.

This Court presumes the finding below to be right, until it is shown to be wrong. Hilliard on New Trial, p. 484, ch. 14 § 68. *Smith* v. *McCluskey*, 45 Barb. (N. Y.) 610. In the present case after having read such parts of the evidence bearing on this exception as we were referred to, we concur with the Referee in his conclusion. It cannot be said that

his conclusion is clearly against the weight of the evidence. A discussion of such a point would be of no value, and we content ourselves with simply expressing our conclusion. One remark may be permitted on the evidence. Formerly a trustee disbursing money, was not a competent witness as to any amount over some trifling sum generally stated at $4,00, but now he is competent to prove disbursements by himself to any amount, his credibility being always open to be impeached.

The defendant if he kept an account, as he swears he did, can scarcely be mistaken as to the sums paid out, except by an omission to charge a payment which would be against himself. If he errs in excess, he must be deliberately and wilfully false. Whereas I do not understand the plaintiffs to swear that they or either of them kept a complete account of the sums which they received. They may be honestly mistaken, and if mistaken at all, are no doubt honestly so.

We all know that nothing is more difficult than to keep accurately an account of tradings at a store, or any other account in the head for a great length of time. And the liability to error is increased if some only of the items are noted in a book, for we soon come to forget all that are not so noted, and to believe that there were no others.

We come now to the exceptions of the defendant:—

1. The Referee finds that the defendant is entitled to interest at one and a half per cent. per month, on the $2.200 which he borrowed from the Bank at that rate, for ninety days only, whereas defendant contends that he is entitled to retain for the interest which he actually paid at this rate, up to the date when he received money from the sale of the land, to enable him to pay off this debt.

Our opinion on this point is with the defendant. The money was borrowed before the execution of the agreement of the 1st day of April, 1870, (exhibit A) and had been ap—

plied to obtain an assignment of the mortgage on the land, and it can scarcely be doubted that the whole transaction, including the rate of interest to be paid was known to W. A. Green, when the agreement was entered into. At all events the agreement was to pay the plaintiffs any profit which the defendant might realize upon a sale of the lands after paying "all the purchase money, costs and charges he may have been or hereafter may be at by reason of such purchase," and until the defendant was indemnified from this interest, there could be no profit. There was no loan from the defendant to W. A. Green on which the defendant received usurious interest, or on which he made a profit of any sort. Substantially as the agent and for the benefit of Green, he borrowed money at usury on Green's agreement to indemnify him on the sale of the land. I know of no statute or principle of law making such an agreement illegal.

This exception is sustained, and as it does not clearly appear when the money was borrowed or when the defendant received money wherewith to pay the debt, the Referee hereinafter appointed will ascertain those dates from the evidence before the former Referee, or otherwise.

2. Relates to the sum paid to Mr. Venable, which has been already considered. Any sum paid to Mr. Venable for professional services beyond the $200 allowed to the defendant, was unreasonable and excessive for any services which he is shown to have rendered. A trustee cannot spend the money of his *cestuis que trust* unnecessarily or extravagantly, and rely on a Court for indemnity. This exception is overruled.

3. Referee does not allow defendant credit for $124 paid to W. A. Green while plaintiffs were living with him.

This payment does not come within the purposes as described in the agreement to which the profit on the sale was to be applied. The money and articles were supplied to

GREEN *v.* JONES.

W. A. Green, and upon his credit, and not to the plaintiffs, or upon their credit.

While they lived with their father, he was under a presumed obligation to support them, and it must be presumed that credit for family supplies was given to him, unless there is proof to the contrary. This exception is overruled.

4. This exception has been considered and disposed of with the first.

The judgment of the Superior Court is reversed, and it is referred to the Clerk of this Court to modify the amount reported by Mr. Referee Strong, in accordance with this opinion and report to this Court.

PER CURIAM.                    Judgment reversed.