L. M. COOPER and others v. B. F. MIDDLETON, Adm'r, and others.

*Exceptions to Report—Guardian—Mortgage—Subrogation—Surety—Trust.*

1. Exceptions to the report of a referee must distinctly point out the alleged error.
2. Facts found by a referee and approved by the Court, in which the order of reference was made, are not the subject of review in the Supreme Court, unless *there is no evidence* to support the finding.
3. Where a guardian conveyed certain property to the sureties upon his bond, in trust to "well and truly to pay off his wards," and "save harmless his sureties on his guardian bond," and the wards recovered judgment against the guardian for the amounts severally due them ; *Held*, that the wards were entitled to have the land so conveyed subjected to the satisfaction of their judgments irrespective of the liability or solvency of the sureties.

(*Klutts* v. *McKenzie*, 65 N. C., 102 ; *Green* v. *Castleberry*, 70 N. C., 20 ; *Earp* v. *Richardson*, 75 N. C., 84 ; *Suit* v. *Suit*, 78 N. C., 272 ; *Hyman* v. *Devereux*, 65 N. C., 588, and *Green* v. *Jones*, 78 N. C., 285, cited and approved ; and *Ijames* v. *Gaither*, 93 N.C., 358, cited and distinguished).

CIVIL ACTION, tried by *Gudger, Judge*, at May Term, 1885, of the Superior Court of DUPLIN county.

This was an action brought to recover of W. B. Middleton, guardian, the intestate of defendant B. F. Middleton, and the sureties upon his bond, whatever might be due the plaintiffs as wards of said W. B. Middleton, and to subrogate the plaintiffs to the rights of the sureties in a certain mortgage deed executed to them by said W. B. Middleton. The cause was, by consent, referred to F. A. Daniels, at Spring Term, 1883, and at Spring Term, 1884, said referee made the following report :

The undersigned, to whom was referred for trial the issues in the above entitled cause, respectfully reports, that the cause came on for trial before him on the 27th day of September, and ...... day of October, 1883. The evidence taken accompanies this report. The objections to evidence offered were made and noted, and ruled upon in report of evidence herewith. Having heard the argument of counsel of the parties, after considering the evidence, I find the following facts :

I. That W. B. Middleton, by order of the Court of Pleas and Quarter Sessions of Duplin county, was at January Term, 1859, appointed guardian of the relators, L. M. Cooper, John D. Cooper and William Cooper; that he accepted said trust, and entered into bond for the faithful performance thereof, payable to the State of North Carolina, in the sum of fifty thousand dollars, with the defendant Matthew Moore, D. J. Middleton and Stephen Graham as sureties thereto, and entered upon the discharge of the duties of his office as guardian; that said W. B. Middleton, as guardian as aforesaid, at October Term, 1866, of said Court, renewed his bond, payable to the State of North Carolina in the sum of five thousand dollars, with the defendants D. J. Middleton and Jesse B. Southerland as sureties thereto.

II. That said W. B. Middleton, by virtue of his said office, took into his possession real and personal property of his wards, hired out the slaves until they were emancipated, and rented out the lands till the wards arrived of age.

III. That the said W. B. Middleton filed regular annual accounts as guardian, from his qualification to the year 1866, inclusive, but thereafter he failed to file such accounts, and has failed to file any final account, or to account and settle with his said wards, since their arrival of age.

IV. That the said W. B. Middleton, as guardian of L. M. Cooper, at Spring Term, 1861, of the Court of Equity of Duplin county, presented the petition of L. M. Cooper for the sale of certain lands of said L. M. Cooper, described in said petition; that said lands were sold under order of the Court, by the Clerk and Master, on the 24th day of September, 1861, for one thousand and five dollars, for which purchase money, by order of the Court, the Clerk and Master took a note payable in six months, which sale at September Term, 1861, was in all respects confirmed, and in the decree confirming the sale, the Clerk and Master was directed to turn over to the guardian the note for purchase money of said lands.

V. That the note for said purchase money was, by said guardian, collected in May, 1863, in Confederate money, and the said guardian was never thereafter able to invest the same, and the fund became worthless in his hands by the result of the war.

VI. That said wards arrived of age respectively, L. M. Cooper on the 23d day of June, 1870, John D. Cooper on the 17th day of July, 1872, and William Cooper on the 17th day of October, 1874.

VII. That the said W. B. Middleton died intestate on the 10th day of August, 1881, leaving him surviving as children and heirs-at-law, the defendants B. F. Middleton, S. O. Middleton, W. L. Middleton, A. W. Middleton, Elizabeth A. Middleton, and Mary P. Middleton, and the defendant B. F. Middleton was appointed and qualified as administrator of W. B. Middleton, and entered upon the discharge of his duties as such.

VIII. That the said W. B. Middleton, prior to his death, on the 15th day of May, 1878, executed and delivered to the defendants Matthew Moore, D. J. Middleton, Stephen Graham and Jesse B. Southerland, his sureties on his said guardian bonds, a deed of trust or mortgage, whereby he conveyed to said grantees, certain real and personal property described therein, for purposes expressed therein, which deed of trust was duly probated, and was registered in the office of the register of deeds of Duplin county, on the 31st day of May, 1878.

IX. That the said S. O. Middleton has purchased for value and is now the owner of all the debts secured in said deeds of trust, except the debt due the wards of W. B. Middleton, deceased, and on the 22d day of September, 1881, caused to be registered in the office of register of deeds of Duplin county, the transfers of said debts to him.

X. That the said W. B. Middleton, on the 3d day of October, 1878, executed and delivered to D. H. Wallace and S. O. Middleton, partners trading under firm and style of Wallace & Middleton, a mortgage conveying a portion of the lands conveyed in the deed of trust or mortgage aforesaid, to secure the payment

of a note for $599.33, of even date with said mortgage, executed by said W. B. Middleton to said Wallace & Middleton, which mortgage was probated and registered in the office of register of deeds of Duplin county, on the 8th day of October, 1878.    That the said W. B. Middleton, afterwards, to-wit: on the 6th day of February, 1879, executed and delivered to Wallace & Middleton a mortgage conveying a portion of the lands conveyed in the deed of trust or mortgage aforesaid, to secure the payment of a certain note for the sum of $410.72 of even date with said mortgage, executed by said W. B. Middleton to Wallace & Middleton, which mortgage was duly probated, and on the 7th day of March, 1879, registered in the office of register of deeds of Duplin county; that an action for the foreclosure of said mortgage deeds was instituted at Fall Term, 1881, of Duplin Superior Court, in which D. H. Wallace and S. O. Middleton were plaintiffs, and B. F. Middleton, administrator of W. B. Middleton, B. F. Middleton, W. L. Middleton, A. W. Middleton, E. Annie Middleton and May P. Middleton were defendants.    In that action a decree of sale was rendered, subject to the deed of trust or mortgage first above mentioned, at Fall Term, 1881, by which decree, James W. Blount was appointed commissioner to sell said lands.    The said commissioner reported to Spring Term, 1882, that, in compliance with the decree, after legal notice, he sold at the court-house door in the town of Kenansville, when and where S. O. Middleton, bidding by permission of Court, became the last and highest bidder at the sum of $1,350, recommending the confirmation of said sale, and thereafter, on the 1st day of June, 1882, the said commissioner executed and delivered to the defendant S. O. Middleton, a deed for said lands.

XI. That the cause of action of the relators herein, upon the guardian bonds against Matthew Moore, D. J. Middleton, Stephen Graham and Jesse B. Southerland, sureties thereto, accrued to each and every one of the relators more than three years prior to the commencement of this action.

XII. That the Smith note of $71, due January 1st, 1860, might, by the exercise of reasonable diligence, have been collected by the guardian.

Upon the foregoing facts I find as conclusions of law:

I. That W. B. Middleton, guardian, committed a breach of his bond by failing to file his final account and settle with his wards.

II. That there is due to the relator L. M. Cooper, from his guardian W. B. Middleton, the sum of $2,356.93.

III. That there is due the relator William Cooper, from his guardian W. B. Middleton, the sum of $3,067.71.

IV. That there is due the relator John D. Cooper, from his guardian W. B. Middleton, the sum of $3,085.75.

V. That the action is barred as against Matthew Moore, D. J. Middleton, Stephen Graham and Jesse B. Southerland, as sureties on the guardian bond of W. B. Middleton.

VI. That the deed of trust executed by W. B. Middleton to Matthew Moore et als., was intended as a security for the debts herein found due the relators, as well as for the notes therein recited.

VII. That the relators are entitled to judgment against B. F. Middleton, Administrator of W. B. Middleton, for the amount of their respective debts.

VIII. That the relators are entitled to have the sureties, grantees under the said deed of trust, declared trustees of the property therein conveyed, for the relators and the other creditors mentioned therein; and that the relators are entitled to be subrogated to the rights of said sureties.

IX. That the guardian, W. B. Middleton, is not chargeable with the $1,005 collected by him in May, 1863, for the purchase money of lands.

The defendants except to the report of the referee, as follows:

For that the conclusions of law numbered 2, 3, 4, 6 and 8 are erroneous and contrary to the facts and the law governing this case.

The following is a copy of the material parts of the deed of May 1st, 1878:

This indenture made this the 1st day of May, 1878, between William B. Middleton of the above named State and county, of the first part, and Matthew Moore, Stephen Graham, D. J. Middleton and Jesse B. Southerland, all of the same county and State, of the second part, witnesseth: that whereas the said party of the first part, on the 18th day of January, 1859, became and was duly appointed guardian of L. M. Cooper, Wm. Cooper and Jno. D. Cooper, children of Wm. Cooper, deceased, and gave as sureties on his guardian bond, made on the 18th day of January, 1859, Matthew Moore, D. J. Middleton and Stephen Graham, for the sum of fifty thousand dollars, and gave as his sureties on his second guardian bond, made on the 16th day of October, 1866, D. J. Middleton and Jesse B. Southerland, for the sum of five thousand dollars; and whereas, the said party of the first part has not made a final settlement with his said wards, and discharged and satisfied the said guardian bonds; now therefore, to indemnify the said parties of the second part, and save harmless his said sureties, the said parties of the second part, this indenture witnesseth: for and in consideration of the premises, and the further consideration of one dollar, the said party of the first part has granted, bargained, sold and conveyed unto the said parties of the second part and their heirs, a certain tract or tracts of land.

*       *       *       *       *       *       *       *

The condition of the foregoing deed is such, that whereas, the said parties of the second part, are liable for the said party of the first part, as herein specified; and whereas, the said party of the first part, is also indebted as follows: To H. Bowden, on face of the note, date not recollected, but now in possesssion of Matthew Moore, in the sum of forty dollars; to John A. McArthur, by note due January 1st, 1878, for one thousand and fifty-five dollars and seventy-three cents; to I. B. Kelly, by note due 15th May, 1878, for one hundred and fifty-seven dollars and eighty-

two cents; to Stephen Graham, by note due 4th April, 1878, at 8 per cent., for two hundred and eighty dollars; to H. Grimes & Co., by note due 18th January, 1875, at 8 per cent., for one hundred dollars.

Now, therefore, if the said party of the first part, shall well and truly pay off and satisfy his said wards, L. M. Cooper, Wm. Cooper and John D. Cooper, and save harmless his said sureties on his guardian bonds, the said parties of the second part, and pay off and discharge the said indebtedness just above specified, then this deed is to be void; but otherwise the said parties of the second part, and their heirs, are to hold the property in trust, to sell the same and pay off and discharge the said debts.

Upon the report of the referee being made, the Court adjudged that the exceptions of the defendant be overruled, and the report be in all respects confirmed; and it was further adjudged that the plaintiffs recover of the defendant B. F. Middleton, administrator of W. B. Middleton, the sum of fifty-five thousand dollars, the penal sums of the two bonds of B. F. Middleton, guardian of the relators, to be discharged upon the payment by said administrator of the sums found by the referee to be severally due to each of the relators, with interest on each of said sums from the 19th day of May, 1884, until paid; and it was further adjudged that, in case the personal assets in the hands of B. F. Middleton, administrator as aforesaid, should not be sufficient to discharge the several sums to the relators, that the real and personal estate described in the mortgage deed of the said W. B. Middleton to Matthew Moore and others, sureties, of May 1st, 1878, be subjected to, and applied to the payment thereof, and to that end, the defendants, Matthew Moore, Stephen Graham, Daniel J. Middleton and Joseph B. Southerland, the grantees in the deed of the 1st day of May, 1878, are declared trustees of the real and personal property therein to them conveyed; and it was further adjudged, that in case the several amounts therein before adjudged to be paid, should not be paid out of the personal assets of the said W. B. Middleton, on or before the

20th day of May, 1886, and should remain unpaid, then, in such case, H. R. Kornegay and W. R. Allen were appointed commissioners to make sale of all the real estate mentioned and described in the deed of May 1st, 1878. The decree then proceeded to direct the manner and time of sale.

The defendants appealed. ·

*Mr. H. R. Kornegay,* for the plaintiffs.
*Messrs. Geo. V. Strong* and *W. R. Allen,* for the defendants.

ASHE, J. (after stating the facts). The avowed object of this action, was to subrogate the plaintiffs to the rights of the sureties in a certain mortgage deed made by W. B. Middleton to his sureties on his guardian bond.

The cause was referred to Frank A. Daniels, both parties assenting, for trial upon all the issues of law and fact arising on the pleading. The referee made his report, accompanied by the evidence taken in the cause, distinctly stating in his report the facts found upon the evidence, and his conclusions of the law arising from the facts so found. In this respect the referee has strictly complied with the practice as prescribed by this Court. *Klutts* v. *McKenzie,* 65 N. C., 102; *Green* v. *Castleberry,* 70 N. C., 20; *Earp* v. *Richardson,* 75 N. C., 84.

The evidence in the case was very voluminous, and as will be seen by reference to the statement of the case, the facts found and the conclusions of law, were numerous; but the only exception relied upon in the argument before us was, that "the conclusions of law numbered 2, 3, 4, 6 and 8, are erroneous and contrary to the facts and the law governing the case." All the other exceptions were abandoned in this Court.

The exception cannot be sustained. It is too vague and uncertain. It points out no faults, either in the facts found nor error in the conclusions of law upon them. The law requires that an exception to the report of a referee, should discriminate and point out specifically the faults complained of. An excep-

tion that a referee ought to have found as a conclusion of law that the plaintiff recover nothing, is not sufficient. *Suit* v. *Suit*, 78 N. C., 272.

The meaning and purport of the defendants' exception is, that upon the whole case the plaintiff is not entitled to the relief he seeks.

The facts in the case were found by the referee, and are presumed to have been approved by the Court, and when that is so, they are not the subject of review in this Court. *Hyman* v. *Devereux*, 65 N. C., 588. The exception to this is, where there is no evidence to support the finding, but even then the error must be made the ground of exception, otherwise the finding will be presumed to be right. *Green* v. *Jones*, 78 N. C., 265.

But to give the defendant the full benefit of his exceptions as taken, and zealously urged in this Court (and what does it amount to?), he contended that the mortgage was given to indemnify the sureties of Middleton against liability on his guardian bond, and that the right of the creditor did not attach to such a security, until the principal and sureties should all become insolvent, and as it did not appear from the finding of the referee, that either Middleton or his sureties were insolvent, the plaintiff, as creditor, had no right to be subrogated to the rights of the sureties in the mortgage. If this were a mortgage simply to indemnify the sureties, there would be some force in the position taken by the learned counsel, for the same doctrine with some qualifications was announced by this Court in the recent case of *Ijames* v. *Gaither*, 93 N. C., 358. But that case is distinguishable from this. There the mortgage was given exclusively for the indemnification of the sureties, but here it is given, avowedly for the purpose of indemnifying the sureties, but at the same time expressly providing, not only, that if the debt should be paid by the grantor the deed should be void, but in the event the debt should not be paid by him, that the property should be held by the sureties, in trust to sell the same and pay off and discharge the said debt, so that the property conveyed in the deed, was, by its express terms, appropriated to the payment of the debts mentioned therein.

The entire deed, in all its parts, must be considered in ascertaining the scope, meaning and intention of the parties, and we think its proper construction is, that it reposes trust in the sureties to hold and sell the property conveyed, and apply the proceeds to the payment of the debts specified therein, if the trustor should fail to pay the same, by which means the sureties are to be indemnified.    So that there was, in fact, no necessity for resorting to the equitable doctrine of subrogation, as the creditors mentioned in the deed were the persons for whose benefit the deed was intended to enure.    But as the effect will be the same, whether there is a judgment for subrogation or a direct judgment that the sureties shall proceed to sell the property and apply the proceeds to payment of the debts, there is no error in the judgment of the Superior Court.    In either case, the sureties obtain their indemnification to the amount realized from the sale, which is all they have a right to claim.

The judgment of the Superior Court is affirmed, except as to the time when the sale of the property conveyed in the mortgage shall be made, and that must be subject to the further directions of the Court below, and the case is remanded to the Superior Court, to the end that an account may be taken of the assets in the hands of B. F. Middleton, as administrator of W. B. Middleton, to ascertain what amount thereof may be applicable to the debts secured in the mortgage, and that the said Court may make all such further orders and judgments in the cause as shall be deemed necessary to effectuate the judgment of the Superior Court as affirmed by this decision.

No error.                                    Affirmed.