G. W. MONTCASTLE ET AL. v. R. A. WHEELER.

(Filed 18 November, 1914.)

1. Reference—Evidence—Approval of Trial Judge—Appeal and Error.

Exceptions to a report of a referee, supported by competent evidence and approved by the trial judge, are not reviewable on appeal.

2. Corporations—Distribution of Assets—Act of Treasurer—Award and Satisfaction—Estoppel—Credits.

In an action by a corporation and some of its stockholders for dissolution, and against its treasurer for an accounting and distribution of its assets among the stockholders, it is held that the treasurer cannot successfully plead accord and satisfaction by showing that he, of his own authority, had sent statements and checks to the stockholders for their distributive shares in the assets, which had been cashed by them, for the treasurer's accounting should have been made to the corporation, which cannot be estopped by his action; when the corporation is not indebted, and not otherwise, he is entitled to a credit in the settlement for the sum he has thus distributed.

APPEAL by defendant from *Lane, J.,* at February Term, 1914, of DAVIDSON.

*S. E. Williams and Emery E. Raper for plaintiffs.*
*Jerome & Price and T. J. Gold for defendant.*

CLARK, C. J. This is an action by some of the stockholders, and the corporation, against the defendant as treasurer of the corporation, for an accounting and recovery of the assets of the company and a distribution of the same among the stockholders and the dissolution of the company.

The company had a paid-up capital of $1,850 and sold an option on some real estate in Moore County for $4,000, making $5,850 which went

into the hands of the treasurer, as he admitted. He claimed to have paid out, or accounted for, all he received, and that he had paid the stockholders $1,866.95, and claims to be entitled, after paying expenses, to retain a salary of $2,400 to balance the assets. The matter was referred and the report of the referee was confirmed by the court.

The referee finds as a fact (No. 6), to which no exception is made: "R. A. Wheeler was employed at first meeting of the directors as general manager and was to be paid for his services $150 per month and railroad fare for the time actually engaged in the work of the company, and in carrying out said contract went to Moore County and had land surveyed, cleaned up, and laid off into streets and lots, which work was completed about 16 April, 1908; and he made a trip to Boston for the company during the year, and at its end rendered a statement to the company in which he charged as paid to himself, salary account $417.34, leaving in his hands a cash surplus, and said nothing in his statement about any further claim for salary." The defendant excepted, however, to the further finding, that "$417.34 was the salary due R. A. Wheeler for the time actually employed during the first year, and that he was not entitled to any further salary for said year."

As there is no exception to the finding above, that he was to be paid $150 per month and railroad fare "for the time actually engaged in the work of the company," and the work was completed in Moore County about 16 April, 1908, his work was less than two months. He was allowed for the trip to Boston $96.50, to which there was no exception. There was evidence to support the finding of the referee, and his findings being approved by the court, we cannot review them. *Usry v. Suit,* 91 N. C., 406; *Wadesboro v. Atkinson,* 107 N. C., 317; *Harris v. Smith,* 144 N. C., 439.

The other four exceptions are all to findings of fact by the referee, approved by the judge, and there was evidence tending to support the findings, and we cannot review them.

This action is by the corporation and part of the stockholders to compel an accounting by the treasurer and the winding up of its affairs. The treasurer, after paying expenses, undertook to settle the business without a meeting of the directors, and without consultation sent each stockholder $300. They demanded a statement, and he inclosed checks to each stockholder for $73.39 more. The defendant claims that this was an accord and satisfaction, because the stockholders cashed above checks, though they protested that they would not accept the statement, but that they objected to it and would not agree to it.

The corporation is a plaintiff here in winding up its affairs, and upon this accounting with the treasurer the corporation is entitled to have the true amount due it by its treasurer determined. It recovered

$1,632.89 as the balance which it was found that the treasurer owed the company.· Out of this it should pay each of its stockholders their pro rata, on dissolution, and it was so adjudged.  The treasurer was not authorized to settle with the stockholders individually, but his account should have been rendered to the corporation and approved by it.  His unauthorized sending of these checks to the stockholders and their cashing the same does not estop the corporation.  The treasurer is only entitled to a credit on settlement with the said company to the amount distributed by him to the stockholders, and would not be entitled to that if the company had been indebted.

Affirmed.